**United States Bankruptcy Court**
**For The Western District of Virginia**
**Lynchburg Division**

---

**IN RE: John C Chapman**        **CASE NO. 17-62091**
**Joyce E Chapman**              **CHAPTER 13**
**Debtor(s)**

---

**ORDER TOLLING LIMITATIONS**
**ON TRUSTEE'S AVOIDING POWERS**
**AND WAIVER OF**
**DEBTOR'S RIGHT TO CONVERT**

1. Came this day the Debtor(s), by Counsel, and the Chapter 13 Trustee who have advised the Court that the Debtor(s) filed this case on **October 26, 2017**; that the Debtor(s) did on **August 15, 2017**, transfer the following personal property to the son: **$3,500.00,** to **Dustin Hansen** ("the Transferee"); **that the property is assessed for $3,500.00; however, the Debtor(s) believe that the mobile home was only worth $2000.00 at the time of transfer,** that the Trustee asserts that this transfer was, pursuant to Code section 547 and/or 548, a transfer which he could avoid for the benefit of creditors; that as a condition of confirmation of this case they have reached an agreement regarding this transfer; that this case is otherwise ready for confirmation; and that an entry of an order embodying this agreement is important to preserve the rights of any subsequent Trustee in this case to proceed against the above-described transfer.

2. Accordingly, for cause shown, and it otherwise appearing proper to do so, it is hereby **ORDERED** that:

   A. Pursuant to Code section 105, the time limitation set forth in Code

section 546(a) which limits the time period during which this Trustee, or any subsequent Trustee in this case, may bring an action against the female Debtor(s), **John C and Joyce E Chapman, or the Transferee, Dustin Hansen,** or any subsequent transferee of the above-described transfer to recover said property under Code sections 544, 545, 547, 548, or 553 is hereby tolled until such time as the Chapter 13 Trustee has distributed a total of **$2,000.00** to the priority creditors and general unsecured creditors in this case.

    B.    The Debtor(s), **John C and Joyce E Chapman**, further hereby waives her right to convert this case to a Chapter 7 until such time as the Chapter 13 Trustee has distributed a total of **$2,000.00** to the priority creditors and general unsecured creditors in this case, which is deemed to be an amount sufficient to satisfy in full the Chapter 7 test [Code section 1325(a)(4)] amount attributable to the above-described transfer.

    C.  By their signatures below, the Debtor and the Transferee acknowledge their assent and agreement to the terms of this Order.

    D. Nothing herein shall be deemed as an admission that the transfer made qualifies as a preferential transfer, fraudulent transfer, transfer without consideration, etc., or as a waiver of any defenses the Debtor may assert should an action related to this payment be instituted subsequent to the entry of this order.

    E.    The Clerk shall cause a copy of this Order to be forwarded to the Debtor, Debtor's counsel, and the Chapter 13 Trustee

Dated:   12/18/17

_Rebecca B Connelly_
U.S. Bankruptcy Judge

We ask for this:

/s/ Stephen E. Dunn                    /s/ John C & Joyce E Chapman
Stephen E. Dunn, Counsel for Debtor(s)    John C & Joyce E Chapman, Debtor(s)


/s/ Herbert L. Beskin
Herbert L. Beskin, Chapter 13 Trustee

/s/ Dustin Hansen
Dustin Hansen, Transferee